**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 7, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

FRANK STURGELL,

    Plaintiff - Appellant,

v.

CYNTHIA COFFMAN, both in her
official capacity as the Attorney General of
the State of Colorado and as her Person;
JOHN ROBERTS, both in his official
capacity as Senior Assistant Attorney
General and as his Person; THE OFFICE
OF THE ATTORNEY GENERAL OF
THE STATE OF COLORADO,

    Defendants - Appellees.

No. 16-1419
(D.C. No. 1:16-CV-01637-LTB)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **HOLMES**, and **PHILLIPS**, Circuit Judges.
_____

Frank Sturgell wants to be an architect in Colorado but has not been able to

satisfy the licensing requirements. He filed this lawsuit against the Colorado

Attorney General's office and several of its high-ranking officials, alleging that they

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

violated state and federal law by failing to effectively police the board that regulates architects and establishes qualifications for their licensure. The district court gave Mr. Sturgell several opportunities to amend his complaint to fix deficiencies in form and substance and to comply with Fed. R. Civ. P. 8. But even with these revisions, it found his claims to be frivolous and thus dismissed his amended complaint with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i) before the defendants were served. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm the dismissal.

Mr. Sturgell points out a number of perceived flaws in the State's licensing system for architects and alleges that Attorney General Cynthia Coffman and Senior Assistant Attorney General John Roberts harmed him through their inaction. He cites their failure to enforce C.R.S. § 12-25-314 ("Qualifications for architect licensure") or define the minimum competency required for his profession and asks the court to direct the officials to fulfill their duties and to remove them from office. He also asserts violations of 18 U.S.C. § 1951 ("Interference with commerce by threats or violence") and several state criminal statutes. Last, he vaguely references a violation of his constitutional rights, which the district court generously interpreted as a claim under 42 U.S.C. § 1983. He seeks injunctive and declaratory relief, as well as compensatory, consequential, and punitive damages.

Because Mr. Sturgell was proceeding in forma pauperis (IFP) when he filed his amended complaint, § 1915(e)(2)(B)(i) mandates that the district court dismiss his claims if it determines they are frivolous. A claim is frivolous under § 1915(e) when "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S.

2

319, 325 (1989).  Here, the district court rejected each claim on the merits and dismissed the amended complaint as "legally frivolous."  R. at 60.  Mr. Sturgell then filed this timely appeal.  He identifies 19 specific issues, but the core issue is whether the district court's frivolousness determination was proper.  It was.

Where, as here, a frivolous determination "turns on an issue of law," we review that determination de novo.  *Fogle v. Pierson*, 435 F.3d 1252, 1259 (10th Cir. 2006).  As the district court did, we construe the amended complaint liberally because Mr. Sturgell appears pro se.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  Having carefully considered the briefs and record in this case, we agree with the district court's assessment.  We affirm the dismissal for the reasons set forth in the district court's thorough and well-reasoned order of September 21, 2016.

Finally, we deny Mr. Sturgell's request to proceed IFP on appeal and advise him that he is responsible for the immediate payment of the unpaid balance of his appellate filing fee.  An appellant seeking leave to proceed IFP must show "the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal."  *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991).  Mr. Sturgell has not done this.  His arguments on appeal do not

meaningfully address the deficiencies that led to the dismissal of his amended complaint.

Entered for the Court


Gregory A. Phillips
Circuit Judge